UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JENNIFER ANSARI, et al., | ) |
| Plaintiffs, | ) |
| vs. | ) 1:13-cv-1270-JMS-TAB |
| HAMILTON COUNTY COURTS, | ) |
| Defendant. | ) |

**Entry Dismissing Complaint and Directing Further Proceedings**

The plaintiffs bring this action pursuant to 42 U.S.C. § 1983 against judges in Hamilton County, Indiana based on orders issued related to child visitation. The plaintiffs seek damages and ask this Court to dismiss certain orders of the Hamilton County courts.

The plaintiffs seek leave to proceed *in forma pauperis*. In such circumstances, the court may dismiss an action that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). An action is frivolous, for purposes of § 1915(e)(2), if there is no arguable basis for relief in law or in fact. *See Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *Castillo v. Cook County Mail Room Dep't.,* 990 F.2d 304, 306 (7th Cir. 1993). The complaint here is frivolous and must be dismissed for a number of reasons.

First, this Court has no jurisdiction to review and dismiss judgments issued by state courts. The *Rooker-Feldman* doctrine "prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis,* 546 U.S. 459, 460, 126 S.Ct. 1198 (2006). "The reason, quite simply, is that no matter how erroneous or

unconstitutional the state court judgment may be, only the Supreme Court of the United States has jurisdiction to review it." *Brown v. Bowman*, 668 F.3d 437, 442 (7th Cir. 2012) (citing *Brokaw v. Weaver,* 305 F.3d 660, 664 (7th Cir. 2002)). The relief the plaintiffs seek here, reversal of state court orders, falls squarely within this doctrine.

Next, the domestic relations exception to federal jurisdiction prevents this Court from hearing claims regarding child custody or visitation. *See Allen v. Allen*, 48 F.3d 259, 261 (7th Cir. 1995) (citing *Ankenbrandt v. Richards*, 504 U.S. 689 (1992)). In *Ankenbrandt*, "the Supreme Court re-affirmed the longstanding rule that domestic disputes involving divorce, custody or alimony issues are the province of state courts, and emphasized that this rule was a limitation on federal jurisdiction." *Id*.

Finally, it is well-established that judges have absolute immunity from liability for judicial acts. *Mireles v. Waco,* 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."); *Ohse v. Hughes,* 816 F.2d 1144, 1154 (7th Cir. 1987). "A judge will not be deprived of immunity because the action [s]he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)). Judicial immunity can only be overcome in two circumstances: (1) when the actions were not taken in the judge's official capacity; or (2) if the action is taken in complete lack of jurisdiction. *Mireles,* 502 U.S. at 11-12. No circumstance suggesting that the plaintiffs could overcome the judicial immunity of the defendants is present here. *See Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011)("A judge has absolute immunity for any judicial actions unless the judge acted in the absence of all jurisdiction.").

For the foregoing reasons, the complaint is **dismissed** and the request to proceed *in forma pauperis* [dkt. 2] is **denied**. Dismissal of the complaint will not in this instance lead to dismissal

of the action at present. Instead, the plaintiffs shall have **through September 6, 2013,** in which to show cause why Judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.*, 2013 WL 3599156, *6 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

    **IT IS SO ORDERED.**

Date: 08/15/2013

    Hon. Jane Magnus-Stinson, Judge
    United States District Court
    Southern District of Indiana

Distribution:

Jennifer Ansari
13103 Baden Drive
Unit 101
Fishers, IN 46037

Suhail Ansari
13103 Baden Drive
Unit 101
Fishers, IN 46037